**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

| | | |
|---|---|---|
| **YOSNIURYS RODRIGUEZ,** | ) | |
| | ) | |
| **Plaintiff,** | ) | 1:19-cv-20746 |
| | ) | |
| v. | ) | |
| | ) | |
| **TRANS UNION, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**COMPLAINT**

NOW COMES the Plaintiff, YOSNIURYS RODRIGUEZ, by and through her attorneys, SMITHMARCO, P.C., and for her complaint against TRANS UNION, LLC, Plaintiff states as follows:

### I.   PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Credit Reporting Act (hereinafter "FCRA"), 15 U.S.C. §1681, et. seq.

### II.   JURISDICTION & VENUE

2. Jurisdiction arises under the Fair Credit Reporting Act 15 U.S.C. §1681, et. seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.   PARTIES

4. YOSNIURYS RODRIGUEZ, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Hialeah, County of Miami-Dade, State of Florida.

1

5. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

6. TRANS UNION, LLC, (hereinafter, "Defendant"), is a business entity that regularly conducts business throughout every state and county in the United States and as a corporation that does business in the state of Illinois, is a citizen of the state of Illinois.

7. At all relevant times Defendant was a "person" as that term is defined by 15 U.S.C. §1681a(b).

8. At all relevant times Defendant was a "consumer reporting agency" as that term is defined by 15 U.S.C. §1681a(f).

## IV. ALLEGATIONS

9. At all relevant times, credit reports as alleged in this pleading are "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

10. TRANS UNION, LLC has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (hereinafter the "inaccurate information").

11. The inaccurate information of which Plaintiff complains are accounts, or trade-lines, including the following:

    a. Bank of America
    b. Barclays Bank Delaware
    c. Capital One - Kohl's
    d. CBNA - The Home Depot
    e. Citi
    f. Comenity Bank - Pieri

      g.    Comenity Bank - Ann Taylor

      h.    Comenity Bank - J Crew

      i.    Comenity Bank - NY & Co

      j.    Comenity Bank - Z Gallerie

      k.    Comenity Bank - Victoria Secret

      l.    Merrick Bank

      m.    Synchrony Bank - Luxury

      n.    Synchrony Bank - Walmart

12.    In addition to the foregoing, the inaccurate information of which Plaintiff complains includes the following inquiries:

      a.    1st Savings;

      b.    American Express;

      c.    MB Financial Services;

      d.    Mercedes Benz;

      e.    TD Auto Finance;

      f.    Sallie Mae; and,

      g.    Synchrony Bank – Amazon.

13.    In addition to the foregoing, the inaccurate information of which Plaintiff complains includes the following personal identifiers:

      a.    Yusmary Rodriguez.

14.    The inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's creditworthiness. The inaccurate information consists of accounts and/or tradelines, inquiries and personal

identifiers that do not belong to Plaintiff and that actually belong to another consumer. Due to Defendant's faulty procedures, Defendant has mixed the credit file of Plaintiff and that of another consumer with respect to the inaccurate information.

15. Defendant has been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that it has disseminated to various persons and credit grantors, both known and unknown

16. Plaintiff's credit reports and file have been obtained from Defendant and have been reviewed many times by prospective and existing credit grantors and extenders of credit, and the inaccurate information has been a substantial factor in precluding Plaintiff from receiving many different credit offers and opportunities, known and unknown, and from receiving the most favorable terms in financing and interest rates for credit offers that were ultimately made.

17. When a consumer reporting agency prepares a consumer report, it is required by the FCRA to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

18. As a consumer reporting agency, when it prepares a consumer report, Defendant is required to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

19. Notwithstanding its obligations under the Fair Credit Reporting Act, Defendant has failed to implement and/or follow reasonable procedures to assure the accuracy of the information it is reporting about consumers to third parties and to avoid mixing the file of Plaintiff with another individual, thus allowing that individual's derogatory information to appear on her credit reports.

20. As a result of Defendant's conduct, Plaintiff has suffered actual damages in the forms of lost credit opportunities, harm to credit reputation and credit score, and emotional distress.

21.     At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendant.

22.     At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

23.     Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendant is liable to Plaintiff for engaging in the following conduct:

    a. willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. §1681e(b).

24.     The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendant is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## V.    JURY DEMAND

25.     Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff, YOSNIURYS RODRIGUEZ, by and through her attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

    a.    All actual compensatory damages suffered;

    b.    Statutory damages of $1,000.00;

    c.    Punitive damages;

      d.      Plaintiff's attorneys' fees and costs; and,

      e.      Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**YOSNIURYS RODRIGUEZ**

By:   s/ David M. Marco
       Attorney for Plaintiff

Dated: February 26, 2019

David M. Marco
IL Bar No. 6273315/FL Bar No. 125266
SMITHMARCO, P.C.
55 W. Monroe Street, Suite 1200
Chicago, IL 60603
Telephone:    (312) 546-6539
Facsimile:     (888) 418-1277
E-Mail:        dmarco@smithmarco.com